UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HEATH LEE HELVEY,

    Plaintiff,

v.                                              Case No. 5:22-cv-299-TKW-MJF

DWAYNE L. JONES,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Because Plaintiff seeks injunctive relief against individuals that have not been named as Defendants in this action, the District Court must deny Plaintiff's "Motion for Injunction," Doc. 14.

## I. BACKGROUND

Plaintiff commenced this civil action against Defendant Dwayne Jones because Jones purportedly used excessive force in violation of the Eighth Amendment. *See* Doc. 1. In his first amended complaint, Plaintiff claimed that Jones used excessive force and that several nurses failed to provide Plaintiff adequate medical care. Doc. 12 at 10.

In his "Motion for Injunction," Plaintiff asserts that two Florida Department of Corrections employees—K. Gaskin and Officer Cowart—have denied Plaintiff access to his legal materials. Plaintiff asserts that this violates his First-Amendment

right to have access to the court. Doc. 14 at 2. Plaintiff did not name Gaskin or Cowart as Defendants in hi original or first amended complaint. *See* Docs. 1, 12.

## II. DISCUSSION

A temporary restraining order or "preliminary injunction in advance of trial is an extraordinary remedy." *Bloedorn v. Grubs*, 631 F.3d 1218, 1229 (11th Cir. 2011). The chief function of TROs and preliminary injunctions "is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990); *see Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974) (discussing TROs); *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989); *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). To establish entitlement to a TRO or preliminary injunction, a movant must demonstrate:

(1) a substantial likelihood of success on the merits of the underlying claim;

(2) a substantial likelihood of suffering irreparable injury if the TRO/injunction is not granted;

(3) that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the injunction; and

(4) the injunction would not disserve the public interest.

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020); *Swain v. Junior*,

958 F.3d 1081, 1088 (11th Cir. 2020); *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (discussing the requirements for issuing a TRO). Failure to establish even one of the first two factors is fatal to a motion for a preliminary injunction or a TRO. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *All Care Nursing Serv.*, 887 F.2d at 1537.

Plaintiff's motion must be denied because the District Court lacks jurisdiction to grant the injunction. Plaintiff seeks to enjoin K. Gaskin and Officer Cowart from denying Plaintiff access to his legal materials. Doc. 14 at 1. Gaskin and Cowart are not defendants in this action and Plaintiff did not allege that Gaskin and Cowart are in "active concert" with any of the parties. Doc. 14. The District Court lacks jurisdiction to enjoin non-parties and Plaintiff seeks relief that the District Court cannot grant. *Jackson v. Baisden*, No. 21-13004-J, 2022 WL 610314, at *1 (11th Cir. Feb. 16, 2022) ("To the extent that [plaintiff] requested injunctive relief against officials at his prison who were not parties to the instant action, the district court lacked subject-matter jurisdiction to grant the relief that he requested."). Therefore, the District Court must deny Plaintiff's motion. *Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (holding that the district court lacked subject matter jurisdiction to issue a preliminary or permanent injunction against a nonparty); *Additive Controls & Measurement Sys., Inc. v.*

*Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996) (A "court may not enter an injunction against a person who has not been made a party to the case before it.").

### III. CONCLUSION

Because the District Court lacks subject matter jurisdiction over the non-parties, the undersigned respectfully **RECOMMENDS** that the District Court:

**DENY** Plaintiff's "Motion for Injunction," Doc. 14.

At Pensacola, Florida, this <u>11th</u> day of April, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(E);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**