UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HEATH LEE HELVEY,

    Plaintiff,

v.                                Case No. 5:22-cv-299-TKW-MJF

DWAYNE L. JONES, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, alleges that two of the Defendants—Nurse Dallas and Nurse Cooper—violated the Eighth Amendment when they failed to provide Plaintiff medical treatment.[1] Because Plaintiff's fourth amended complaint does not plausibly allege an Eighth-Amendment claim against either Defendant, the District Court should dismiss Plaintiff's claims against Nurse Dallas and Nurse Cooper.

---

[1] This report and recommendation addresses only Plaintiff's claims against Nurse Dallas and Nurse Cooper. Plaintiff also alleges that a third defendant, Dwayne L. Jones, violated the Eighth Amendment by body-slamming Plaintiff without justification.

Page 1 of 9

## I. Background

On December 31, 2021, Defendant Jones allegedly body-slammed and jumped on Plaintiff. Doc. 27 at 5. Plaintiff suffered a cut on his right arm and experienced back pain. Plaintiff's cut became swollen and infected.

On January 12, 2022, Plaintiff filed a "sick call" to Nurse Cooper. *Id*. He explained that he was experiencing back pain and that his cut had become infected. *Id*. at 5–6. Cooper advised Plaintiff that he needed to wait for his sick-call appointment to be seen for treatment and she did not provide treatment at that time. *Id*. at 6.

On January 18, 2022, Plaintiff showed Nurse Dallas his swollen and infected cut. *Id*. Plaintiff "tried to declare a medical emergency." Dallas informed Plaintiff that his cut did not constitute "a medical emergency." *Id*.

On January 29, 2022, Plaintiff went to the "pill-window" and again showed Dallas the infected and swollen cut. Dallas allegedly denied Plaintiff medical care at the pill-window.

A medical professional subsequently examined Plaintiff, ordered an x-ray image of his right hand, and provided Plaintiff ibuprofen to

alleviate his pain. Plaintiff, however, does not indicate when these services were provided or by whom.

## II. STANDARD

The District Court is required to review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see also* 28 U.S.C. § 1915(e)(2)(B). Determining whether a complaint states a claim upon which relief can be granted is governed by the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The District Court must accept all well-pleaded factual allegations of the complaint as true and consider all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. DISCUSSION

To state an Eighth-Amendment claim of deliberate indifference to a serious medical need, a plaintiff must plausibly allege:

1. the plaintiff had a serious medical need;

2. the defendant was deliberately indifferent to that serious medical need;

3. the plaintiff suffered an injury; and

4. the defendant's deliberate indifference caused the plaintiff's injury.

*Roy v. Ivy*, 53 F.4th 1338, 1346–47 (11th Cir. 2022); *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007); *see Wade v. McDade*, 67 F.4th 1363, 1370 (11th. Cir. 2023).

### 1. *Failure to Allege a Serious Medical Need: Back Pain*

Bare allegations of "back pain" are insufficient to allege a serious medical need. *Evans v. St. Lucie Cnty. Jail*, 448 F. App'x 971, 975 (11th Cir. 2011) (noting that the plaintiff did not allege that the pain was "significant or otherwise limited his movement in any way."). Plaintiff, therefore, has failed to allege an essential element as to the "back pain" that he purportedly suffered.

## 2. *Failure to Allege Deliberate Indifference: Plaintiff's Cut*

To plausibly allege that a defendant acted with deliberate indifference, a plaintiff must allege "that the defendant (1) actually knew about a risk of serious harm; (2) disregarded that risk; and (3) acted with more than gross negligence." *Wade*, 67 F.4th at 1374 (citation omitted). That is, the official must have known "that an inmate is in serious need of medical care" and failed or refused "to obtain medical treatment for the inmate." *Nam Dang v. Sheriff, Seminole Cnty.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (citation omitted). A delay in medical treatment constitutes deliberate indifference when "it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified." *Taylor v. Adams*, 221 F.3d 1254, 1259–60 (11th Cir. 2000). "In contrast, a delay or even denial of medical treatment for superficial, non-serious physical conditions does not constitute an Eighth Amendment violation." *Kelly v. Ambroski*, 97 F. Supp. 3d 1320, 1339–40 (N.D. Ala. 2015).

Assuming that Plaintiff's cut constituted a serious medical need, Plaintiff's complaint fails to allege that Cooper or Dallas acted with deliberate indifference to that cut.

### (a). <u>Nurse Dallas</u>

Plaintiff alleges that he informed Nurse Dallas of his cut and Nurse Dallas saw it, but Nurse Dallas concluded that Plaintiff's condition did not warrant emergency medical treatment. Plaintiff does not allege that Dallas prevented Plaintiff from obtaining medical care through the routine "sick call" process.[2] Nor does Plaintiff allege that he submitted a "sick call" request to Dallas and that Dallas intentionally delayed or failed to provide care. Rather, Plaintiff simply disagrees with Nurse Dallas's determination that his condition was not an emergency at that moment and that he could wait to be seen by medical staff at "sick call." A "simple difference in medical opinion" does not plausibly allege deliberate indifference. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Washington v. Bolling*, No. 2:18-CV-785-KOB-JHE, 2022 WL 1284308, at *7 (N.D. Ala. Jan. 26, 2022), *report and recommendation adopted*, No. 2:18-CV-785-KOB-JHE, 2022 WL 814025 (N.D. Ala. Mar.

---

[2] Although Plaintiff alleges that Nurse Dallas failed to provide him with care when she was working at the "pill window," Plaintiff does not explain what type of care Nurse Dallas failed to provide. For example, Plaintiff does not indicate that Nurse Dallas failed to dispense a prescribed antibiotic or medication to Plaintiff.

17, 2022), *appeal dismissed*, No. 22-11345-J, 2022 WL 14781927 (11th Cir. May 26, 2022).

Furthermore, even if Nurse Dallas's refusal to treat Plaintiff's cut as an emergency delayed Plaintiff's receipt of treatment, Plaintiff does not allege that this delay worsened the infection or resulted in additional pain. *See Milton v. Turner*, 445 F. App'x 159, 162, 164 (11th Cir. 2011). Plaintiff also does not allege the extent of any delay that Dallas caused by refusing to treat Plaintiff's cut immediately. Without this, Plaintiff has failed to allege facts that indicate Nurse Dallas was deliberately indifferent.

### (b). Nurse Cooper

Plaintiff asserts that on January 12, 2022, he submitted a "sick call" request to Nurse Cooper. Sometime thereafter—but before he was placed on call out for "sick call"—Plaintiff apparently spoke directly with Nurse Cooper about his cut. Doc. 27 at 5–6. She advised Plaintiff to wait to be seen at "sick call." Plaintiff asserts that eventually someone treated his cut during "sick call." *Id.* at 6. Plaintiff, however, does not provide the date that he received treatment or specify the period between his request for treatment to Nurse Cooper and his receipt of treatment. Assuming

that there was a delay in treatment and this delay was attributable to Nurse Cooper, Plaintiff does not allege facts which indicate that Nurse Cooper was aware that any delay in scheduling Plaintiff for "sick call" would exacerbate Plaintiff's infection. Plaintiff also does not allege that any delay in treatment exacerbated the infection. Accordingly, Plaintiff has failed to allege an essential element: that Nurse Cooper was deliberately indifferent.

Plaintiff also alleges that he did not receive adequate medical care when some unnamed person treated Plaintiff at "sick call." Plaintiff alleges that this unidentified medical professional examined Plaintiff, provided ibuprofen, and ordered an x-ray image. Plaintiff does not explain what other form of medical treatment was required or should have been provided. In any event, Plaintiff also does not allege that Nurse Cooper was involved in this purportedly deficient care.

### IV. CONCLUSION

Because Plaintiff has failed to allege plausible claims against Nurse Dallas and Nurse Cooper, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS with prejudice**, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), Plaintiff's claims against Nurse Dallas and Nurse Cooper.

2. **RECOMMIT** the case to the undersigned to address Plaintiff's remaining claim against Defendant Dwayne L. Jones.

At Pensacola, Florida, this 26th day of September, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**