# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

HEATH LEE HELVEY,

    Plaintiff,

v.                                     Case No. 5:22-cv-299-TKW-MJF

DWAYNE L. JONES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Heath Lee Helvey alleges that Dwayne L. Jones—an employee of the Florida Department of Corrections—violated the Eighth Amendment by using excessive force. Jones moved to dismiss Helvey's complaint because Helvey failed to exhaust his administrative remedies before commencing this civil action. Doc. 52. Helvey responded in opposition. Doc. 58. Because Helvey failed to exhaust his administrative remedies, the District Court should grant Jones's motion.

## I. Background

Helvey is a prisoner in the custody of the Florida Department of Corrections who previously was confined at the Apalachee Correctional

Institution. Doc. 1 at 4. Helvey alleges that on December 31, 2021, he noticed that food was missing from his meal tray. Doc. 27 at 5.

Helvey approached Jones, who was working as the food service officer, and attempted to explain that Helvey's tray was missing food. *Id.* Jones responded by threatening to slap Helvey. *Id.* After Helvey's third attempt to explain the situation, Jones allegedly grabbed Helvey's food tray and threw it to the floor. Jones then picked Helvey up, body slammed Helvey to the ground, and jumped on Helvey's back. *Id.* Helvey asserts a claim of excessive force, and he seeks damages. *Id.* at 7.

## II. DISCUSSION

Under the PLRA, a prisoner may not file a section 1983 action "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of such remedies is a mandatory precondition to filing a lawsuit. *Varner v. Shepard*, 11 F.4th 1252, 1257–58 (11th Cir. 2021).

Failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Varner*, 11 F.4th at 1257. Exhaustion is

analyzed in two steps. First, a "district court must . . . determine whether the complaint should be dismissed for lack of exhaustion 'tak[ing] the plaintiff's version of the facts as true.'" *Varner*, 11 F.4th at 1258 (quoting *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). Second, if the complaint is not subject to dismissal at the first step, the court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082; *see Bryant v. Rich*, 530 F.3d 1368, 1373–74, 1376 (11th Cir. 2008). The court then decides whether under those findings the plaintiff has exhausted his available administrative remedies. *Varner*, 11 F.4th at 1258.

### A. The FDC's Grievance Procedure

The PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Varner*, 11 F.4th at 1260. Proper exhaustion "demands compliance with an agency's deadlines and other critical procedural rules . . . ." *Woodford,* 548 U.S. at 90; *Varner*, 11 F.4th at 1260. The relevant agency, not the PLRA, prescribes the proper procedure for exhaustion of remedies. *Jones*, 549 U.S. at 218.

The FDC's grievance procedure generally entails a three-step

process. To complete the process, an inmate must: (1) file an informal grievance with a designated prison staff member; (2) file a formal grievance at the institutional level with the warden's office; and (3) submit a grievance appeal to the Office of the Secretary (through the Bureau of Policy Management and Inmate Appeals in the FDC's Central Office). Fla. Admin. Code r. 33-103.005 to -103.007; *see Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).

Furthermore, Florida law provides specific deadlines for inmates to complete each step of the grievance process. *See* Fla. Admin. Code r. 33-103.011. An informal grievance must be received within 20 days of the incident or action being grieved. Fla. Admin. Code r. 33-103.011(1)(a). A formal grievance "[m]ust be received no later than 15 calendar days from [t]he date on which the informal grievance was responded to . . . ." Fla. Admin. Code r. 33-103.011(1)(b)(1). A grievance appeal "must be received within 15 calendar days from the date the response to the formal grievance is returned to the inmate." Fla. Admin. Code r. 33-103.011(1)(c).

## B. The Parties' Arguments

Jones contends that Helvey failed to exhaust his administrative remedies because his grievance appeal was submitted untimely. Doc. 52 at 4, 13. In support of his argument, Jones attached the following evidence:

- the declaration of Lawanda Sandra, the custodian of records for grievance appeals, Doc. 52-1;

- a grievance appeal log maintained by the FDC for Helvey, Doc. 52-2;

- a copy of Helvey's informal grievance, formal grievance, and grievance appeal, Doc. 52-3;

- a copy of the FDC's response to Helvey's informal grievance, formal grievance, and grievance appeal; Doc. 52-3; and

- the declaration of Tiffany Rhoton—the Grievance Coordinator at the Northwest Florida Reception Center, which is the facility at which Helvey currently is confined, Doc. 52-4.

Helvey, on the other hand, asserts that he complied with the grievance procedure and that his untimeliness should be excused because prison staff prevented Helvey from filing his grievance appeal timely. Doc. 58 at 3, 7. In support of this argument, Helvey submitted his own declaration. Doc. 34.

C. **Helvey's Efforts to Exhaust His Administrative Remedies**

The parties do not dispute the following facts relating to Helvey's exhaustion efforts:

- On January 14, 2022, Helvey timely submitted an informal grievance. Doc. 52-3 at 5; *see* Doc. 55-4 ¶ 3; Doc. 34 at ¶ 5.

- On January 18, 2022, FDC staff denied the informal grievance and returned it to Helvey. Doc. 52-3 at 5; *see* Doc. 55-4 ¶ 3; Doc. 34 ¶ 5.

- On January 24, 2022, Helvey timely filed a formal grievance. Doc. 52-3 at 4; *see* Doc. 52-4 ¶ 3; Doc. 34 ¶ 6.

- On February 9, 2022, FDC staff denied the formal grievance and returned it to Helvey. Doc. 52-3 at 3; *see* Doc. 52-4 ¶ 3; Doc. 58 at 4.

- To be considered timely under the regulations, the Central Office was required to receive Helvey's grievance appeal fifteen days after February 9, 2022 (*i.e.*, on or before February 24, 2022). Fla. Admin. Code r. 33-103.011(1)(c).

- On March 8, 2022, Helvey signed and dated his grievance appeal. Doc. 52-3 at 2; Doc. 34 ¶ 10.

- On March 16, 2022, thirty-five days after the warden's office responded to and returned Helvey's formal grievance, the Central Office received Helvey's grievance appeal. *Id.*; *see* Doc. 52-1 ¶ 3.

- On March 18, 2022, the Central Office returned Helvey's grievance appeal without action because it was untimely. Doc. 52-3 at 2 (citing Fla. Admin. Code r. 33-103.014(i)); *see* Doc. 52-1 ¶ 4; Doc. 34 ¶ 12.

**D.   Helvey's Complaint Must Be Dismissed at Step One of the *Turner* Analysis**

Helvey asserts that the grievance procedure was unavailable for two reasons. First, he argues that he was not provided the form for appealing the denial of his formal grievance. Doc. 58 at 4; Doc. 34 ¶¶ 7–10. Second, he argues that "officers" threatened to place him in administrative confinement if he filed grievances about nurses and the medical department. Doc. 58 at 6; Doc. 34 ¶ 13.

   1.   *The FDC Staff's Refusal to Provide the Grievance Appeal Form*

At step one of *Turner*, the District Court must accept as true Helvey's allegations that:

- between February 10, 2022, and March 8, 2022, prison officials refused to provide Helvey the appropriate form to file his grievance appeal;

- on February 28, 2022, Helvey was placed in confinement and did not have access to his personal property;

- on March 1, 2022, Helvey was released from confinement and did not have his folder that contained his notes regarding the use of force incident;

- on March 8, 2022, Helvey obtained from another inmate the appropriate form to file his grievance appeal; and

- on March 8, 2022, Helvey filed his grievance appeal.

Doc. 58 at 4–5; Doc. 34 ¶¶ 7–10.

"When a prisoner alleges that he did not have timely access to the required grievance forms, he still fails to exhaust his administrative remedies if he does not request consideration of an untimely grievance." *Schlicher v. Fla. Dep't of Corr.*, 399 F. App'x 538, 539 (11th Cir. 2010); *Bryant*, 530 F.3d at 1373 (temporary obstacles that prevent the submission of a timely grievance "do not make administrative remedies unavailable where prisoners 'may request consideration of untimely grievances for good cause.'"). That is, a plaintiff fails to exhaust his administrative remedies when he could have filed an out-of-time grievance and shown good cause for its tardiness. *Bryant*, 530 F.3d at 1373. Under Florida law, extension of the deadlines are permissible but are only granted when the inmate "clearly demonstrate[s] . . . that it was not feasible to file the grievance within the relevant time period[] and that the inmate made a good faith effort to file in a timely manner." Fla. Admin. Code r. 33-103.011(2).

Thus, the grievance procedure was not "unavailable" to Helvey. Helvey could have sought an extension of the deadline to file his grievance appeal. Helvey's exhaustion efforts were insufficient because he failed to comply with the applicable regulations to file an out-of-time grievance appeal.

It is readily apparent that Helvey knew of the FDC's rule that authorizes inmates to file untimely grievance appeals, because he made use of it. Specifically on March 8, 2022, Helvey sought to file his grievance appeal out of time, and he explained at the top of his grievance appeal that he was filing his grievance appeal late because Helvey "was in confinement and [he] was never given any of [his] property." Doc. 52-3 at 2; *see* Doc. 58 at 4 (noting that he explained to the Central Office why he was unable to file timely).

Despite Helvey's request to file his grievance appeal out-of-time, the Central Office did not accept Helvey's explanation and returned the grievance appeal without action because *it still was untimely regardless of Helvey's period of confinement*. Doc. 52-3 at 1. Recall that Helvey's deadline to submit a timely grievance appeal was *February 24, 2022*.

Helvey was placed in confinement on *February 28, 2022*, which was *four days after Helvey's deadline to submit the grievance appeal*. Doc. 58 at 4; Doc. 34 ¶ 8. Obviously Helvey's explanation for his tardiness—he could not comply with the deadline of February 24, 2022, because he was placed in confinement **4 days later and after the deadline had already expired**—fails to demonstrate that Helvey could not feasibly file his grievance appeal by the deadline on February 24, 2022.[1] Helvey's explanation also fails to demonstrate that he made a good faith effort to file his grievance appeal timely.

Proper exhaustion entails "using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits.)" *Woodford*, 548 U.S at 90. Indeed, "[t]he benefits of exhaustion

---

[1] The Central Office might have reached a different conclusion had Helvey informed the Central Office that officers had threatened him and refused to provide him with the forms necessary for his grievance appeal. But Helvey never bothered to mention these facts in his request to file the grievance appeal untimely, and he does not even attempt to explain why he omitted these facts. Thus, Helvey did not satisfy the FDC's rules regarding exhaustion. *See Sanders v. Walkers*, No. 3:19-CV-1029-J-39MCR, 2020 WL 5255116, at *3 (M.D. Fla. Sept. 3, 2020) (noting that even if the court were to take as true the plaintiff's unavailability argument, plaintiff failed to explain "why he did not disclose in his formal grievance that officers would not give him the form he needed").

can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." *Id.* at 95. Because Helvey failed to comply with the appropriate regulations and failed to demonstrate that it was not feasible for him to submit his appeal timely, the Central Office did not have an opportunity to consider the merits of Helvey's grievance appeal. An untimely grievance that is rejected as such by prison officials "does not satisfy the exhaustion requirement of the PLRA." *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005). Accordingly, even taking Helvey's allegations as true, Helvey failed to exhaust his administrative remedies.

### 2. *Threats By Unnamed "Officers"*

Helvey also contends that he was prevented from exhausting his claims because unnamed "officers" threatened him. Specifically, Helvey alleges that between February 1 and May 1, 2022, "[he] was told by several officers not to file any grievances against medical/nurses because several of the officers, sergeants, captains, et cetera are married to the

nurses. [Helvey] took this as a threat or warning not to grieve medical." Doc. 34 ¶ 13. He elaborates that these unidentified officers threatened to place Helvey in administrative confinement if he filed grievances about the nurses or the medical department. Doc. 58 at 6.

Threats against an inmate designed to deter him from filing grievances can make administrative remedies "unavailable" to the inmate. *Turner*, 541 F.3d at 1085. But to avail himself of this exception, an inmate must do more than simply allege "somebody threatened me." Specifically, an administrative remedy is deemed "unavailable" because of a threat only when "(1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.'" *Schlicher*, 399 F. App'x at 539 (citing *Turner*, 541 F.3d at 1085). A plaintiff asserting that his administrative remedies were unavailable because of threats bears the burden of establishing both of these elements. *See Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th

Cir. 2020) ("While the burden is on the defendant to show an available administrative remedy, once that burden has been met, the burden of going forward shifts to the plaintiff, who, pursuant to *Turner*, must demonstrate that the grievance procedure was 'subjectively' and 'objectively' unavailable to him.").

### (a). The Threats Did Not Deter Helvey

According to Helvey, the unspecified persons threatened him between February 1 and May 1, 2022. But these alleged threats did not stop Helvey from filing his appeal. Indeed, Helvey filed two grievance appeals—including the one against Jones—during this period. Doc. 34 at 4; Doc. 58 at 4; Doc. 52-3 at 2; Doc. 52-2 at 1 (reflecting that Helvey filed a grievance appeal on February 7, 2022 for "Inadequate Treatment (Medical)" and on March 10, 2022 against Jones for excessive force). Thus, he was not deterred from filing grievance appeals, and Helvey does not explain this lack of deterrence. For this reason alone, Helvey has failed to show that threats made his administrative remedies unavailable.

### (b). <u>Helvey Fails to Demonstrate that a Reasonable Person Would Have Been Deterred</u>

Helvey also failed to carry his burden with respect to the second element. That is, he failed to specify the threats with sufficient particularity for the District Court to determine whether the threat would have deterred a reasonable person from filing a grievance appeal. *See Maldonado v. Unnamed Defendant*, 648 F. App'x 939, 952 (11th Cir. 2016). Indeed, Helvey fails to provide even the most basic information about the alleged threats, such as:

- the number of threats made;
- the specific date(s) the threats were made or even approximate dates;
- the context in which the threats were made;
- the specific person(s) who made the threats;
- whether other persons witnessed or heard the threats; and
- whether the persons who made the threats had the ability to carry out the threatened harm.

Without at least some of this information, it is impossible for the District Court to determine whether a reasonable person would have been deterred by the alleged threats.

Furthermore, as noted above, the threats did not deter Helvey from filing two grievance appeals. Assuming that Helvey is a reasonable person, the District Court could not hold that the threats were sufficient to deter a reasonable person when in fact a reasonable person—Helvey—was not deterred. Helvey does not even attempt to address or explain this apparent contradiction.

For all of these reasons, Helvey has failed to carry his burden of establishing that the alleged threats rendered administrative remedies unavailable to him.

### III. Conclusion

Because Helvey failed to exhaust his administrative remedies prior to initiating this civil action, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT** Defendant Dwayne L. Jones's motion to dismiss, Doc. 52;

2. **DISMISS** this action without prejudice; and

3. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 1st day of July, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

The District Court referred this case to the undersigned to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.